UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Nigel Anthony Russell | Chapter 7 Case No. 02-14638 cec |
| and | |
| Diane Russell, | |
| Debtors. | |
| Nigel Anthony Russell, | |
| Plaintiff, | |
| - against - | Adv. Pro. No. |
| Chase Bank USA, NA, | |
| Defendant. | |

## COMPLAINT SEEKING DAMAGES IN CORE ADVERSARY PROCEEDING

### INTRODUCTION

1. This is an action for actual damages, statutory damages, punitive damages, and legal fees and expenses filed by the Plaintiff for the Defendant's improper and illegal actions and conduct which are not in compliance with and in fact are in violation of the Discharge Injunction, 11 USC § 524.

### JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court pursuant to Section 1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 7 case under Title 11 and concerns property of the Debtors in that case.

3. Venue lies in this District pursuant to Sections 1391(b) and 1409 of Title 28 of the United States Code.

4. This matter is a core proceeding. To the extent of the non-bankruptcy claims for relief, this matter is a non-core proceeding and the Plaintiff consents to the entry of a final order in this case by the Bankruptcy Judge.

### PARTIES

5.  The Plaintiff is a natural person residing in the City of Brooklyn, County of Kings, State of New York, and is also a debtor under the provisions of Chapter 7 of Title 11 of the United States Code.

6.  The Plaintiff is a "consumer" and "debtor" as those terms are defined under the applicable Federal and State statutes.

7.  The Defendant, Chase Bank USA, NA is a corporation that maintains a place of business at 200 White Clay Center Dr., Newark, DE 19711-5466. The Defendant transacts business within the State of New York and has significant and substantial contacts with this State.

8.  Defendant is an insured depository institution (as defined in section 3 of the Federal Deposit Insurance Act) and, as such, may be served by certified mail addressed to an officer of the institution.

9.  Upon information and belief, Defendant is a furnisher of information to Experian and TransUnion, "Consumer reporting agencies that compile and maintain files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

## FACTUAL ALLEGATIONS (PRE-DISCHARGE)

10.  Prior to the commencement of the Chapter 7 case, the Plaintiff incurred a credit card debt with account number 5260310340005781 to Chase Bank USA, NA (hereinafter "Defendant").

11.  Plaintiff filed a petition in bankruptcy under Chapter 7 of the U.S. Bankruptcy Code on April 12, 2002, and said case was assigned to Judge Carla E. Craig.

12.  On April 16, 2002, Defendant obtained a judgment with the Civil Court of the City of New York, County of Kings with regards to the above referenced account.

13.  Defendant received actual notice of the commencement of the Plaintiff's Chapter 7 case by virtue of service of the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines.

14.  On or about May 20, 2002, JPMorganChase Bank forwarded a Stipulation Vacating Judgment with regards to the above referenced account to the undersigned, who signed and returned a copy of same to JPMorganChase Bank.

15.  On June 21, 2002, the undersigned received a fully executed copy of the Stipulation Vacating Judgment as referenced in Exhibit 1 attached hereto.

16.  Plaintiff's estate was fully administered, Plaintiff received a discharge on August 29, 2002 and the case was closed.

17.  Defendant received actual notice of the Plaintiff's discharge by virtue of service of the Discharge Order.

18.  At no time during the pendency of the within Chapter 7 case did Plaintiff enter into a reaffirmation agreement with Defendant.

19. At no time during the pendency of the within Chapter 7 case was the Plaintiff's pre-petition debt to Defendant determined to be non-dischargeable.

20. Defendant had actual knowledge of the fact that Plaintiff's pre-petition obligations to Defendant had been discharged by the entry of the Discharge Order.

### FACTUAL ALLEGATIONS (POST-DISCHARGE)

21. On April 3, 2006, Plaintiff received a copy of his credit report from Experian (hereinafter "Experian Report"). Said report reflects the fact that Defendant continues to report a debt owed to them on the Plaintiff's public credit files as "Chase". This report states that the discharged debt to Defendant has a recent balance of $9,229 as of March 2002; and that the debt was originated in November 1996. The debt is described as Revolving bearing a partial account number 526031034000…. The report also indicates a status of "Account charged off/Past due 150 days. $9,229 written off. $1,441 past due as of Mar 2002". A copy of the relevant pages of the Experian Report is annexed hereto as Exhibit 2.

22. The Experian Report, in addition to the foregoing, indicates that Defendant obtained a copy of the Debtor's Experian credit report on June 16, 2005 without having a permissible purpose.

23. On April 3, 2006, Plaintiff also received a copy of his credit report from Equifax (hereinafter "Equifax Report"). Said report reflects the fact that Defendant continues to report a debt owed to them on the Plaintiff's public credit files as "Chase NA". This report states that the discharged debt to Defendant has a recent balance of $9,229 as of March 2002; and that the debt was originated in November 1996. The debt is described as Revolving bearing a partial account number 526031034000xxxx. The report also indicates a status of "Charge Off". A copy of the relevant pages of the Equifax Report is annexed hereto as Exhibit 3.

24. On April 20, 2006, Plaintiff, by his attorney, sent correspondence to Defendant further advising Defendant that the Defendant was continuing to report the tradeline for the discharged debt as past due and owing on the Plaintiff's credit reports (hereinafter "April 20, 2006 Correspondence"). A copy of the April 20, 2006 Correspondence is annexed hereto as Exhibit 4.

25. The April 20, 2006 Correspondence stated in part as follows:

> Please consider this letter as a demand that you immediately update the information being furnished to Equifax, Experian and TransUnion and correct your reporting of this trade line within twenty (20) calendar days of your receipt of this letter. Since this debt has been discharged in Bankruptcy, you are permitted only to report a "0" balance to the consumer reporting agencies at this time. Please also notify this office in writing when you send the Uniform Data Report notice to the credit reporting agencies requesting the correction of this improper reporting entry.

26. As of the date hereof, neither Plaintiff nor counsel for Plaintiff have received a response to the April 20, 2006 Correspondence.

27. Plaintiff on May 31, 2006, in an effort to ensure that his credit reports were properly updated after his discharge in bankruptcy, requested of Experian, Equifax and TransUnion that they reinvestigate all tradelines of all creditors listed on his bankruptcy proceeding, including the tradeline of Defendant. Copies of Plaintiff's requests for reinvestigation are annexed hereto as Exhibit 5

28. On information and belief, Defendant received a request for reinvestigation requesting that they verify that the debt was discharged in Bankruptcy.

29. On information and belief, Defendant responded to the request for verification by stating that the debt was still due and owing, verifying that information to Experian and TransUnion.

30. On June 14, 2006, Plaintiff received a copy of his credit report from TransUnion (hereinafter "TransUnion Report"). Said report reflects the fact that Defendant continues to report a debt owed to them on the Plaintiff's public credit files as "Chase NA". This report states that the discharged debt to Defendant has a balance of $9,229 as of March 2002; and that the debt was originated in November 1996. The debt is described as a Revolving Account bearing account number 5260310340005781. The report further indicates a status of "Discharged Off As Bad Debt". A copy of the relevant pages of the TransUnion Report is annexed hereto as Exhibit 6.

31. Experian, Equifax and TransUnion maintain credit files in the ordinary course of business.

32. Experian, Equifax and TransUnion report information furnished by creditors such as Defendant.

33. The Plaintiff avers that at all times relevant to the allegations herein:

   A. Defendant has substantially frustrated the discharge order entered in this case and their conduct constitutes gross violations of the discharge injunction as provided by Section 524 of Title 11 of the United States Code and further have caused the Plaintiff unwarranted and unnecessary time, effort and expense in seeking to enforce rights guaranteed by the Bankruptcy Code;

   B. Defendant knew and in fact had actual knowledge that the Plaintiff was previously involved in bankruptcy and was therefore protected from any direct or indirect collection acts whatsoever by virtue of the Discharge Injunction provided for by Section 524 of Title 11 of the United States Code and notwithstanding such knowledge willfully failed to withdraw their erroneous credit information within the statutory time allowed by the Fair Credit Reporting Act (15 USC §1681s);

   C. Defendant at all times relevant to the allegations in this complaint knew that the Plaintiff was represented by an attorney in connection with his bankruptcy filing and that the underlying debt owed by the Plaintiff was in fact a "consumer debt" as that term is defined by applicable Federal and State statutes;

   D. Defendant intentionally failed to correct the erroneous credit information in an effort to indirectly collect a discharged debt from the Plaintiff in direct violation of the specific

        provisions of Section 1681s of Title 15 of the United States Code, commonly known as the Fair Credit Reporting Act;

34. Plaintiff alleges that the violations of the non-bankruptcy laws justify and enhance the necessity for the award of substantial and significant punitive damages in this case.

35. Plaintiff is informed and believes and therefore alleges that as a result of these allegations he is entitled to the recovery of actual damages, including emotional distress, punitive damages, legal fees and expenses.

36. Plaintiff alleges that he has engaged in numerous meetings with his attorney and members of his staff about this matter.

37. The receipt of the order of discharge constituted the receipt of a dispute with regard to the completeness and accuracy of the pre-bankruptcy information in Plaintiff's consumer credit reports as provided for by 15 U.S.C. § 1681i(a)(2).

38. As such, the receipt of the Discharge Order triggered Defendant's affirmative duty to conduct a proper reinvestigation and to correct all erroneous consumer credit information.

39. Defendant willfully, intentionally and without any just cause failed to comply with this duty.

40. Defendant was aware that it's reporting and activities would (and did) damage plaintiff and plaintiff's ability to enjoy life and utilize the credit rating and reputation and property rights he secured by honoring his obligations to his creditors.

41. Under their subscriber contract, Defendant owed a number of duties, including the duty to report truthful and accurate information about its customers, including plaintiff.

42. On numerous occasions, Defendant reported, via its contractual and legal agents, to the consumer reporting agencies, false and inaccurate information about the plaintiff, as described more fully herein.

43. Defendant willfully failed to withdraw its erroneous credit information within the statutory time allowed by 15 U.S.C. § 1681s-2(a)(1)(A)).

44. Defendant was required under 15 U.S.C. § 1681s-2(b), to respond to the request for reinvestigation initiated by Plaintiff by completing a diligent inquiry into the facts underlying the tradeline and providing accurate information to the consumer reporting agencies regarding that tradeline.

45. Defendant's reinvestigation included the following duties and was required to meet the following standards:

    A. To be conducted in good faith;

    B. To be conducted in such a fashion as to assure the maximum possible accuracy of Plaintiffs credit report;

    C. To be conducted in such a way as to not violate any of the general prerequisites for Furnisher' conduct under 15 U.S.C. § 1681s-2(a) or any other statutory requirement for Furnisher of credit information;

    D. To be conducted in a reasonable fashion;

    E. To be conducted based on information reasonably available to Furnisher.

46. Defendant has likewise violated the Fair Credit Reporting Act, 15 U.S.C.§1681s-2, in every respect, including by its failing to respond to reinvestigation requests and by further supplying inaccurate and false information.

47. Defendant failed to conduct a reasonable reinvestigation of their false credit reporting when notified of plaintiff's disputes.

48. Defendant failed to properly correct their false reporting and failed to notify the consumer reporting agency, to which they subscribed, of the need to correct the false reporting.

49. Defendant failed to utilize proper methods to correct its false credit reporting.

50. Defendant failed to utilize proper credit reporting formatting and methodology.

51. Following the reinvestigation as alleged above, Defendant reported the erroneous credit information and consciously avoided knowing that the credit information was inaccurate, in violation of the FCRA, 15 U.S.C, § 1681s-2(b) and the duties implied to that reinvestigation under 15 U.S.C. § 1681s-2(a)(l)(A).

52. Following the reinvestigation and dispatch of notice to Defendant, Defendant failed to notify Experian and TransUnion that the debt was disputed, in violation of the FCRA, 15 U.S.C, § 1681s-2(b) and the duties implied to that reinvestigation under 15 U.S.C. 9 1681s-2(a)(3).

53. Plaintiff alleges that Defendant failed to cause the consumer credit reports of the Plaintiff to be amended so as to list all debts owed to Defendant and discharged in bankruptcy has having a "0" credit balance.

54. Plaintiff alleges that the Defendant was required under the Official Staff Commentary to § 607, which states that a "consumer report may include an account that was discharged in bankruptcy (as well as the bankruptcy itself), as long as it reports a zero balance due to reflect the fact that the consumer is no longer liable for the discharged debt," required Defendant to cause the consumer credit reports of the Plaintiff to be amended so as to list all debts owed to Defendant and discharged in bankruptcy as having a "0" credit balance.

55.     Plaintiff alleges that Defendant intentionally failed to cause the consumer credit reports of the Plaintiff to be amended so as to list all debts owed to Defendant and discharged in bankruptcy as having a "0" credit balance.

56.     Plaintiff alleges that credit reporting is an effort to collect a debt. *See, Riviera v. Bank One*, 645 F.R.D. 268, 272 (D.PR 1992). ("Credit reporting is a method to wrench compliance with terms of the agreement" and "Credit reporting is a method to enforce payment from the debtor.").

57.     Plaintiff alleges that the Defendant's continued furnishing of negative account information to credit reporting agencies is of the type of creditor action intended to be prohibited by the U.S. Bankruptcy Code.  *In re Sommersdorf*, 139 B.R. 700 (Bankr. S.D. Ohio 1991).

58.     Defendant knew and in fact had actual knowledge that the Plaintiff was previously involved in bankruptcy and was therefore protected from any direct or indirect collection acts whatsoever by virtue of the Discharge Injunction provided for by 11 U.S.C. § 524.

59.     Defendant has willfully violated the discharge order by attempting to collect a debt that was discharged in Bankruptcy, in violation of 11 U.S.C. §524.

60.     Defendant intentionally failed to correct the erroneous credit information in an effort to indirectly collect a discharged debt from the Plaintiff in direct violation of the specific provisions of 11 U.S.C. § 524 and 15 U.S.C. § 1681 *et seq*.

## PLAINTIFF'S FIRST CLAIM FOR RELIEF

61.     Plaintiff restates and realleges herein all previous paragraphs.

62.     The Plaintiff avers that as a result of the unlawful actions of the Defendant as alleged herein he has been required to devote countless and unnecessary hours to seek to correct the erroneous information on his consumer credit report.

63.     The Plaintiff also avers that he has constantly worried about this situation and has feared that the Defendant had some improper motive for the improper credit reporting.

64.     The Plaintiff alleges that the conduct of the Defendant in this case has substantially frustrated the discharge order entered in this case and has caused the Plaintiff unwarranted and unnecessary time, effort and expense in seeking to enforce rights guaranteed by the Bankruptcy Code.

65.     The Plaintiff also alleges that in order to carry out the provision of the Code and to maintain its integrity this Court must impose actual damages, punitive damages and legal fees against the Defendant pursuant to the provisions of Section 105 of the Code.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT

66.     Plaintiff restates and realleges herein all previous paragraphs.

67. Defendant, by making a false statement regarding the financial position of the Plaintiff, has injured Plaintiff's reputation.

68. The false statement made by Defendant regarding the Plaintiff has exposed Plaintiff to public hatred, shame, obloquy, contumely, odium, contempt, ridicule, aversion, ostracism, degradation, or disgrace, confidence and friendly intercourse in society.

69. Plaintiff is entitled to actual and punitive damages for the act of Defamation.

**WHEREFORE,** the Plaintiff having set forth his claims for relief against the Defendant respectfully prays of the Court as follows:

(a) That the Plaintiff have and recover actual damages against the Defendant;

(b) That the Plaintiff have and recover against the Defendant all reasonable legal fees and expenses incurred by his attorney;

(c) That the finding that the Defendant willfully, intentionally and recklessly violated the provisions of the Fair Credit Reporting Act, though not alleged as a claim herein, provide grounds for the recovery of punitive damages against the Defendant; and

(d) That the Plaintiff have such other and further relief as the Court may deem just and proper.

Dated: November 15, 2006
New York, NY

>                   */s/ Jay S. Fleischman*
> Jay S. Fleischman (JF 5433)
> Attorney for Plaintiff
> FleischmanLaw, P.C.
> 15 Maiden Lane, Suite 2000
> New York, NY 10038
> 212.785.1136
> jay@drlcny.com (not for service)